UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STATE OF MINNESOTA,

        Plaintiff,

v.

SANOFI-AVENTIS U.S. LLC, NOVO NORDISK, INC., and ELI LILLY AND CO.,

        Defendants,

MINNESOTA DEPARTMENT OF HUMAN SERVICES,

        Movant.

No. 21-81 (JRT/BRT)

**ORDER GRANTING MOTION TO TRANSFER**

Michael N. Leonard, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101 for movant.

Jevon C. Bindman, **MASLON LLP**, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402-4140; Andrew Yaphe, **DAVIS POLK & WARDWELL LLP**, 1600 El Camino Real, Menlo Park, CA 94025; Christopher Walsh, **GIBBONS P.C.**, One Gateway Center, Newark, NJ 07102, for defendant Novo Nordisk, Inc.

Tasha Francis Gerasimow, **KIRKLAND & ELLIS LLP**, 300 North LaSalle, Chicago, IL 60654, for defendant Eli Lilly and Co.

Erin Sindberg Porter, **JONES DAY**, 90 South Seventh Street, Suite 4950, Minneapolis, MN 55402, for defendant Sanofi-Aventis U.S. LLC.

In 2018, the State of Minnesota brought this action against three insulin manufacturers—Sanofi-Aventi U.S. LLC, Novo Nordisk, Inc., and Eli Lilly and Company

(collectively "Defendants")—in the District of New Jersey alleging that Defendants artificially inflated the price of analog insulin. In the course of discovery, Defendants served a subpoena on a nonparty—the Minnesota Department of Human Services ("MDHS"). MDHS filed a Motion to Modify the Subpoena and for Shifting of Costs with this Court. Defendants filed a Motion to Transfer MDHS's Motion, requesting transfer to the issuing court District in the District of New Jersey. Because exceptional circumstances warrant transferring MDHS's Motion to the District of New Jersey, Defendants' Motion to Transfer will be granted.

## BACKGROUND

### I. THE UNDERLYING LITIGATION

In 2018, the State of Minnesota commenced an action in the District of New Jersey. *Minnesota v. Sanofi-Aventis U.S. LLC*, Case No. 18-14999 (D.N.J. filed Oct. 16, 2018) (the "underlying litigation"). The State of Minnesota alleges that three of the world's largest insulin manufacturers engaged in a scheme to inflate prices of insulin, causing Minnesota residents to pay increased prices for insulin. (Decl. of Michael N. Leonard, Ex. 1, Dec. 6, 2021, Docket No. 5.) Minnesota seeks damages, restitution, disgorgement, civil penalties, and litigation costs. (*Id.* ¶¶ 450–59.)

There are three similar cases pending in the District of New Jersey: *In re Insulin Pricing Litig.*, D.N.J. Case No. 17-699; *MSP Recovery Claims, Series LLC v. Sanofi-Aventis U.S. LLC*, D.N.J. Case No. 18-2211; and *In re Direct Purchaser Insulin Pricing Litig.*, D.N.J. Case No. 20-3426. The State of Minnesota and Defendants agreed to coordinate

discovery in the underlying litigation and in *In re Insulin Pricing Litig.* due to the similarities between the two cases. (*See* Decl. of Jevon C. Bindman ("Bindman Decl."), Ex. A at 2, Dec. 21, 2021, Docket No. 25.)

A retired judge has been appointed as Special Master in the underlying litigation, *In re Insulin Pricing Litig.,* and *MSP Recovery*. (*Id.*); (*Insulin Pricing Litig.*, D.N.J. Case No. 17-699, May 13, 2020, Docket. No. 339); (*MSP Recovery*, D.N.J. Case No. 18-2211, Oct. 22, 2020, Docket No. 128). The Special Master is charged with addressing discovery disputes and motions under Federal Rules of Civil Procedure 26–37 and 45. (Bindman Decl., Ex. A at 2.) Since being appointed, the Special Master has been heavily involved in the three actions.[1]

## II.   PROCEDURAL HISTORY IN THIS COURT

In October 2020, Defendants served a subpoena on MDHS. (Decl. of Andrew Johnson ("Johnson Decl."), Ex. 1, Dec. 6, 2021, Docket No. 6.) MDHS objected to the subpoena claiming it was overly burdensome. (Johnson Decl., Ex. 2, Dec. 6, 2021, Docket No. 6.) After failed attempts to come to an agreement on the scope of the subpoena, MDHS filed a Motion to Modify the Subpoena and for Shifting of Costs in this Court. (Mot. Modify Subpoena & Shifting Costs, Dec. 6, 2021, Docket No. 1.) Defendants responded with a Motion to Transfer the Motion under Federal Rule of Civil Procedure 45(f),

---

[1] *See, e.g.*, *Minnesota v. Sanofi-Aventis*, Docket Nos. 113, 114, 116, 128, 130, and 138; *Insulin Pricing Litig.*, Docket Nos. 366, 372, 373, 378, 399, 401, 425, 449, and 470; and *MSP Recovery*, Docket Nos. 131, 137, 143, 144, 147, 150, 161, 165, 166, 175, and 202.

requesting that the Motion be heard in the District of New Jersey.  (Mot. Transfer , Dec. 21, 2021, Docket No. 22.)

## DISCUSSION

Federal Rule of Civil Procedure 45(f) governs the transfer of a subpoena-related motion.  Courts may grant a Rule 45 motion to transfer to the issuing court (here the United States District Court for the District of New Jersey) "if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f). While Rule 45 does not define exceptional circumstances, the Advisory Committee's note to the 2013 amendment of provides helpful guidance.  Transfer is appropriate if the interest of avoiding disruption to the issuing court's management of the underlying litigation outweighs "the interests of the nonparty served with the subpoena in obtaining local resolution of the motion."  Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment.

Courts look to the "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation" to determine if a motion should be transferred.  *Pete v. Big Picture Loans, LLC*, No. 19-77, 2019 WL 6250715, at *1 (D. Minn. Nov. 22, 2019) (quoting Wei Wang v. Shen Jianming, No. 19-274, 2019 WL 2270949, at *3 (M.D. Fla. May 10, 2019)). Further, courts ask whether the nonparty subpoena recipient will suffer undue burden or

cost if the subpoena dispute is transferred. *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 376 (D.D.C. 2017).[2]

The underlying litigation is undoubtedly complex. Minnesota alleges a years-long scheme among the world's largest insulin manufacturers to inflate insulin prices, causing harm to residents of Minnesota. Moreover, the District of New Jersey is handling three related cases, two of which are class actions. The underlying litigation and two of the related cases have been assigned to the Special Master to streamline the orderly disposition of discovery disputes, including any disputes under Rule 45. Assignment of a Special Master to manage discovery in a centralized fashion weighs in favor of transfer. *See Genesis Abstract, LLC v. Bibby*, No. 17-302, 2017 WL 1382023, at *2 (D.N.J. Apr. 18, 2017).

Additionally, the advanced stage of the underlying litigation favors transfer.[3] Minnesota filed its action in October 2018 and the Special Master has supervised substantial discovery to date. Thus, transferring the subpoena dispute to the issuing court promotes Rule 45(f)'s interest in avoiding disruption of the Underlying Litigation and ensuring efficient, fair, and orderly proceedings.

---

[2] *See also Leon v. N. Nat'l Gas Co.*, No. 21-0042, 2021 WL 4452874, at *4 (D. Minn. Sept. 29, 2021); *In re Syngenta AG MIR162 Corn Litig. v. Syngenta AG*, No. 20-064, 2020 WL 5988498, at *4 (D. Minn. Oct. 9, 2020).

[3] *See XY, LLC v. Trans Ova Genetics, L.C.*, 307 F.R.D. 10, 12 (D.D.C. 2014); *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d at 379 (finding that the Issuing Court had already issued comprehensive case management orders that set pretrial schedules for discovery and had already ruled on numerous discovery disputes, which weighed in favor of transfer).

MDHS asserts that the subpoena served on it is overly broad and burdensome. That may well be true. But the Special Master appointed by the issuing court is in a better position to assess the burden created by the subpoena as the Special Master is more familiar with the case. *See Mueting, Raasch & Gebhardt, P.A. v. PPG Indus., Inc.*, No. 18-62, 2018 WL 3971945, at *1 (D. Minn. Aug. 20, 2018) (transferring Rule 45 motion because the issuing court was more familiar with the litigation and could more readily assess whether requests were relevant or burdensome).

MDHS also requests that the cost of complying with the subpoena be shifted onto the Defendants. Again, the Special Master is better situated to resolve that issue. To determine whether cost shifting is appropriate, a court will "consider the circumstances of a particular case" including "the [subpoena] recipient's interest in the outcome of case." *W. Publ'g Corp. v. LegalEase Sols., LLC*, No 18-1445, 2019 WL 8014512, at *3 (D. Minn. Nov. 22, 2019) (quotations omitted). The Special Master's familiarity with the underlying litigation and the related actions puts the Special Master in the best position to determine MDHS's interests.

Finally, MDHS fails to outline any undue burden or cost they would face as a result of the dispute being transferred. MDHS will surely suffer some additional litigation costs. However, the issues to be raised before the Court in New Jersey are the same issues MDHS has already briefed and prepared for this Court, which lessens the burden of

transfer.  *See In re Syngenta AG MIR162 Corn Litig. v. Syngenta AG*, 2020 WL 5988498, at *6 (D. Minn. Oct. 9, 2020).[4]

Rule 45 limits transfer to cases posing exceptional circumstances.  The Court finds that resolving the present dispute in the District of Minnesota risks disrupting the Special Master's management of the underlying litigation and related cases, and that MDHS would not face any substantial burden in litigating the dispute in the District of New Jersey.  Thus, the Court will grant the Defendants' Motion to Transfer.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Respondent's Motion to Transfer the Motion [Docket No. 22] is **GRANTED**;

2. Non-Party Minnesota Department of Human Services's Motion [Docket No. 1] is transferred to the United States Court for the District of New Jersey for disposition in connection the underlying litigation; and

3. Upon transfer, the Clerk of Court is directed to close the case in this Court.

---

[4] Additionally, it seems unlikely that MDHS will face travel costs because any hearings that may be required will likely be remote.  Defendants' assert that the Special Master has conducted all hearings remotely.  (Mem. Supp. Mot. Transfer at 8, Dec. 21, 2021, Docket No. 24.)

-8-

DATED: April 1, 2022                         _____
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                           Chief Judge
                                   United States District Court